UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRISTIAN SMITH, f/k/a MONICA SMITH,<br><br>Plaintiff,<br>v.<br><br>ST. JUDE'S RANCH,<br><br>Defendant. | Case No. 2:18-cv-00784-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed April 30, 2018.

## **DISCUSSION**

### I. **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Under Rule 8(a)(2), a pleading must contain a "short and plaint statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Mere "labels or conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* Neither will naked assertions that are devoid of further factual enhancement. *Id.*

Plaintiff's one-page complaint provides the Court with no factual basis for her claims whatsoever. It appears to allege a claim against St. Jude's Ranch for "continually sent [sic] persons after [Plaintiff] to steal [her] drivers licence [sic] personal belongings and beat and moleste [sic] and annoying remarks" and discriminate against her based on her race. *Complaint* ECF No. 1-1. Moreover, the Complaint fails to indicate the Court has jurisdiction over the subject matter. *Id*. This is simply inadequate and the Court cannot conduct a screening of Plaintiff's complaint. Therefore, the Court will dismiss Plaintiff's complaint with leave to amend. Plaintiff is advised that she must provide the court with a proper factual basis for her claims in her amended complaint. In addition, Plaintiff's complaint appears to be alleging civil rights violations pursuant to 42 U.S.C. § 1983, against a private actor who is not subject to suit under that Act.

42 U.S.C. § 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974); *see* also *Rendell-Baker*, 457 U.S. 830 at 842-43.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended

complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice, with leave to amend.  Plaintiff shall have until **June 4, 2018** to file an amended complaint correcting the noted deficiencies.

Dated this 4th day of May, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE